In re MF GLOBAL HOLDINGS
LTD., et al., Debtor.

Nader Tavakoli, as Litigation Trustee
of the MF Global Litigation
Trust, Plaintiff,

v.

Jon S. Corzine, et al., Defendants.

No. 11 Civ. 7866 (VM).

United States District Court,
S.D. New York.

Signed March 24, 2014.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Nader Tavakoli, as Litigation Trustee of the MF Global Litigation Trust (the "Trustee"), filed this First Amended Complaint (the "Complaint") against defendants Jon S. Corzine ("Corzine"), Henri J. Steenkamp ("Steenkamp"), and Bradley I. Abelow ("Abelow") (collectively, "Defendants") as part of an adversary proceeding in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (*Freeh et al. v. Corzine et al.*, Adv. Pro. No. 13–01333–mg (Bankr. S.D.N.Y.) ("Adversary Proceeding"), Dkt. No. 22.) Defendants moved to dismiss. (Adversary Proceeding, Dkt. No. 27.) By Order dated January 14, 2014, the Court withdrew its reference of this matter to the Bankruptcy Court and ordered that the action be transferred to this Court. (Adversary Proceeding, Dkt. No. 35.) The Court then ordered that the action be consolidated under this docket. (Dkt. No. 643.)

The Trustee alleges that Defendants, who were directors and officers of MF Global Holdings Ltd. ("MF Global"), breached their fiduciary duties of care and loyalty to the company. (Complaint ¶¶ 175–187.) The Complaint treads on familiar ground: the Court has exhaustively examined the factual circumstances surrounding, and legal fallout from, MF Glob-al's monumental collapse in October of 2011. *See In re MF Global Holdings Ltd. Inv. Litig.* (*MF Global II* ), —— F.Supp.2d ——, No. 11 Civ. 7866, 2014 WL 667481 (S.D.N.Y. Feb. 11, 2014) (the "*Commodities Customer Action*"); *Deangelis v. Corzine*, No. 11 Civ. 7866, 2014 WL 216474 (S.D.N.Y. Jan. 17, 2014); *In re MF Global Holdings Ltd. Sec. Litig.* (*MF Global I* ), —— F.Supp.2d ——, No. 11 Civ. 7866, 2013 WL 5996426 (S.D.N.Y. Nov. 12, 2013) (the "*Securities Class Action*"). The Court assumes familiarity with these previous decisions.

Defendants' arguments in support of their motion to dismiss simply echo arguments that the Court has previously rejected in its related decisions. In essence, Defendants continue to assert that "nothing happened at MF Global for which a single one of the ... Defendants could possibly bear any legal responsibility." *MF Global I,* —— F.Supp.2d at ——, 2013 WL 5996426, at *3. But assuming that the allegations made in the Complaint are true and drawing all reasonable inferences in the Trustee's favor, as the Court must at this stage of the proceedings, *see Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002), "it is reasonable to infer that someone, somewhere, at some time did something wrong to set in motion such an extraordinary chain of events causing such extensive harm to so many people and interests." *MF Global II,* —— F.Supp.2d at ——, 2014 WL 667481, at *2. In regards to Defendants' claim that the Complaint does not plausibly allege that they bear any liability for MF Global's collapse, "[t]he Court has previously summarized its response to these arguments: 'In evaluating the application of the law that Defendants argue would allow the outcome they seek at this stage of the litigation, the Court's assessment may be simply stated: It cannot be.'" *Id.* at ——,

2014 WL 667481, at *3 (*quoting MF Global I*, —— F.Supp.2d at ——, 2013 WL 5996426, at *4).

For the reasons detailed below, Defendants' motion to dismiss is DENIED.

## I. *LEGAL STANDARD*

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The task of a court in ruling on a motion to dismiss is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Pub. Offering Sec. Litig.*, 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (*quoting Levitt v. Bear Stearns & Co., Inc.*, 340 F.3d 94, 101 (2d Cir.2003)) (internal quotation marks omitted), *aff'd sub nom., Tenney v. Credit Suisse First Bos. Corp.*, Nos. 05–3430–CV, 05–4759–CV, 05–4760–CV, 2006 WL 1423785 (2d Cir. May 19, 2006). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Chambers*, 282 F.3d at 152.

Both causes of action that the Trustee levels against Defendants concern the duties that directors and officers owe to their corporation. Because MF Global was incorporated in Delaware, the Court applies Delaware law. *See Buchwald v. Renco Grp., Inc. (In re Magnesium Corp. of Am.)*, 399 B.R. 722, 742 (Bankr.S.D.N.Y. 2009) ("As to matters relating to the duties of officers and directors to the corporations they serve ... and the extent, if any, to which officers and directors breached them, the Court must apply the law of the state of incorporation, Delaware.").

## II. *BREACH OF DUTY OF CARE*

■ Count One of the Complaint brings a breach of duty of care claim against Defendants. In general, under Delaware law, directors and officers owe fiduciary duties of care to their corporation. *See Gantler v. Stephens*, 965 A.2d 695, 708–09 (Del.2009).

■ Defendants argue that in this case, the business judgment rule protects them from liability. Delaware law "presumes that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." *In re Walt Disney Co. Deriv. Litig.*, 906 A.2d 27, 52 (Del.2006) (internal quotation marks omitted). A plaintiff can overcome this presumption if the directors' conduct was grossly negligent. *See Brehm v. Eisner*, 746 A.2d 244, 259 (Del.2000).

■ The Court has previously ruled that the complaint in the *Securities Class Action* "demonstrate[d] 'facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness'" with respect to statements made by defendants Corzine and Steenkamp in connection with securities offerings. *MF Global I*, —— F.Supp.2d at ——, 2013 WL 5996426, at

*31 (*quoting Kalnit v. Eichler,* 264 F.3d 131, 138 (2d Cir.2001)). In the *Commodities Customer Action,* the Court ruled that plaintiffs plausibly alleged that Defendants, among others, acted with knowledge of and intent to further both violations of the Commodity Exchange Act and breaches of fiduciary duty. *See MF Global II,* —— F.Supp.2d at ——, ——, 2014 WL 667481, at *12, *17.

Given that the Complaint here arises out of the same or similar conduct alleged in those prior actions—and draws on many of the same public documents used by plaintiffs in the *Securities Class Action* and the *Commodities Customer Action*—the Court sees no reason to deviate from those rulings in this action. The Complaint sufficiently alleges conduct that gives rise to reasonable inferences that Defendants' actions were grossly negligent. It thus survives a motion to dismiss at this stage of the litigation.[1]

### III. *BREACH OF DUTY OF LOYALTY*

 Count Two of the Complaint alleges that Defendants breached their duty of loyalty to MF Global. Directors and officers of a Delaware corporation owe a duty of loyalty to the corporation. *See Gantler,* 965 A.2d at 708–09. The duty of loyalty requires an officer or director to (1) avoid fiduciary conflicts of interest and (2) act in good faith for the corporation's best interest. *See Stone ex rel. AmSouth Bancorporation v. Ritter,* 911 A.2d 362, 370 (Del.2006). Bad faith encompasses circumstances when the director or officer does not act "with an honesty of purpose and in the best interest and welfare of the corporation." *In re Walt Disney Co. De-*

*rivative Litig.,* 907 A.2d 693, 755 (Del.Ch. 2005), *aff'd,* 906 A.2d 27 (Del.2006).

 The Court is persuaded that the Complaint sufficiently alleges that the Defendants acted in bad faith. As the Court has detailed extensively in its prior opinions, Defendants and other MF Global officers repeatedly increased the company's exposure to risky bets on sovereign debt and shuffled funds among MF Global's subsidiaries to cover a growing liquidity crisis. These facts give rise to reasonable inferences that Defendants acted in bad faith. On these facts, the Trustee has met his burden to plausibly allege that Defendants are liable for breaches of the duty of loyalty.

In sum, "[t]he arguments [Defendants] raise would be more properly addressed either on a motion for summary judgment or to a factfinder at trial, after a fuller record is developed during discovery." *Deangelis,* 2014 WL 216474, at *1. The Court thus denies Defendants' motion to dismiss.

### *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (*Freeh et al. v. Corzine et al.,* Adv. Pro. No. 13–01333–mg (Bankr.S.D.N.Y.), Dkt. No. 27) of defendants Jon S. Corzine, Henri J. Steenkamp, and Bradley I. Abelow is **DENIED.**

**SO ORDERED.**

---

1. Defendants may, of course, pursue a business judgment defense on the merits. *See In re Trados Inc. S'holder Litig.,* No. 1512–CC, 2009 WL 2225958, at *9 (Del.Ch. July 24, 2009).